# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| XR COMMUNICATIONS, LLC, dba VIVATO TECHNOLOGIES,<br><br>    Plaintiff,<br> v.<br><br>AT&T SERVICES INC.; AT&T MOBILITY LLC; and AT&T CORP.,<br><br>    Defendants,<br><br>ERICSSON INC.,<br><br>    Intervenor. | Case No. 2:23-cv-00468-JRG-RSP<br><br>**JURY TRIAL DEMANDED** |
| XR COMMUNICATIONS, LLC, dba VIVATO TECHNOLOGIES,<br><br>    Plaintiff,<br> v.<br><br>VERIZON COMMUNICATIONS INC., AND CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS,<br><br>    Defendants,<br><br>ERICSSON INC.,<br><br>    Intervenor. | Case No. 2:23-cv-00470-JRG-RSP<br><br>**JURY TRIAL DEMANDED** |
| XR COMMUNICATIONS, LLC, dba VIVATO TECHNOLOGIES,<br><br>    Plaintiff,<br> v.<br><br>T-MOBILE USA, INC.,<br><br>    Defendant,<br><br>ERICSSON INC.,<br><br>    Intervenor. | Case No. 2:23-cv-00469-JRG-RSP<br><br>**JURY TRIAL DEMANDED** |

## ERICSSON INC.'S UNOPPOSED MOTION TO INTERVENE

Pursuant to Federal Rule of Civil Procedure 24, Movant Ericsson Inc. ("Ericsson") moves for leave to intervene in each of the above-captioned related actions as of right under Rule 24(a)(2) or, alternatively, with the Court's permission under Rule 24(b)(1)(B), to defend allegations of infringement with respect to its base stations that were provided to Defendants AT&T Services Inc., AT&T Mobility LLC, AT&T Corp. ("AT&T"), Verizon Communications Inc. and Cellco Partnership d/b/a Verizon Wireless ("Verizon"), and T-Mobile USA, Inc. ("T-Mobile") (collectively, "Defendants"). As required by Federal Rule of Civil Procedure 24(c), Ericsson attaches, as Exhibits A, B, and C to this motion, proposed responsive pleadings for each of the cases. This motion is unopposed across all three related cases.

## INTRODUCTION

Plaintiff XR Communications, LLC ("Plaintiff" or "XR") sued each of the Defendants on October 4, 2023, for infringement of two patents. Each of AT&T, Verizon, and T-Mobile is an Ericsson customer for, among other things, 5G cellular base stations used in cellular networks. XR's Complaints accuse of infringement certain functionality in Ericsson's 5G cellular base stations, namely, "cellular base stations / 5G NR RAN solutions that support 3GPP 5G NR beamforming." AT&T Compl., Case No 2:23-cv-00468, Dkt. No. 1, at ¶¶ 31, 41; Verizon Compl., Case No. 2:23-cv-00470, Dkt. No. 1, at ¶¶ 29, 39; T-Mobile Compl., Case No. 2:23-cv-00469, Dkt. No. 1, at ¶¶ 28, 38. Accordingly, Ericsson seeks to intervene in each case so that the dispute over the infringement of Ericsson's products can be efficiently disposed of in this proceeding. Neither XR nor Defendants oppose Ericsson's intervention to defend allegations of infringement with respect to Ericsson base stations. And under similar circumstances, this Court recently granted Ericsson leave to intervene. *See Cobblestone Wireless, LLC v. T-Mobile USA, Inc.*, 2:22-cv-00477 (E.D. Tex) (LEAD CASE), Dkt. No. 70 and *XR Communications LLC d/b/a Vivato*

*Technologies v. AT&T Inc. et. al.*, 2:23-cv-00202 (E.D. Tex) (LEAD CASE), Dkt. No. 55, 56 (granting Ericsson and Nokia's unopposed motions for leave to intervene).

Ericsson's intervention will result in the most efficient and complete resolution of these disputes. In its Complaints, XR makes clear that its allegations of infringement relate to 5G base stations of the sort that Ericsson provides to Defendants, along with certain functionality that XR claims is present in such base stations. Specifically, as to each of the patents-in-suit, XR defines the "Accused Products" as "cellular base stations / 5G NR RAN solutions that support 3GPP 5G NR beamforming." AT&T Compl., Case No 2:23-cv-00468, Dkt. No. 1, at ¶¶ 31, 41; Verizon Compl., Case No. 2:23-cv-00470, Dkt. No. 1, at ¶¶ 29, 39; T-Mobile Compl., Case No. 2:23-cv-00469, Dkt. No. 1, at ¶¶ 28, 38.

As a designer, manufacturer, and seller of certain of the accused base stations in Defendants' networks, Ericsson has a substantial interest in the litigation and is in the best position to defend infringement claims directed to those products. "[I]t is a simple fact of life that a manufacturer must protect its customers, either as a matter of contract, or good business, or in order to avoid the damaging impact of an adverse ruling against its products." *Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1464 (Fed. Cir. 1990) (quoting *Codex Corp. v. Milgo Electronics Corp.*, 553 F.2d 735, 737-38 (1st Cir. 1977)); *see also Chandler & Price Co. v. Brandtjen & Kluge, Inc.*, 296 U.S. 53, 55 (1935) (noting a manufacturer's intervention in infringement action against a customer is "necessary for the protection of its interest").

Accordingly, Ericsson respectfully moves to intervene in each of the above-captioned cases so that it can defend against allegations of infringement with respect to Ericsson base stations.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

    **A.    The Complaints and Infringement Contentions Accuse Equipment Supplied by Ericsson**

XR accuses Defendants of infringing two patents because each "provides telecommunication, Internet service, and other services to customers via cellular base stations." AT&T Compl., Case No 2:23-cv-00202, Dkt. No. 1, at ¶ 28; Verizon Compl., Case No. 2:23-cv-00203, Dkt. No. 1, at ¶ 26; T-Mobile Compl., Case No. 2:23-cv-00204, Dkt. No. 1, at ¶ 25. Ericsson supplies, among other things, equipment and technology incorporated by Defendants into their cellular networks, including cellular base stations. XR's infringement allegations relate to Defendants' 5G networks and specifically identify "cellular base stations / 5G NR RAN solutions" of the type supplied by Ericsson.  AT&T Compl., Case No 2:23-cv-00468, Dkt. No. 1, at ¶¶ 31, 41; Verizon Compl., Case No. 2:23-cv-00470, Dkt. No. 1, at ¶¶ 29, 39; T-Mobile Compl., Case No. 2:23-cv-00469, Dkt. No. 1, at ¶¶ 28, 38.  In this case, as explained above, XR asserts that Defendants have infringed two patents that "support 3GPP 5G NR beamforming".

In short, Ericsson-supplied 5G base stations are integral to the resolution of these cases, and Ericsson has a substantial interest in protecting its technology.

**B.     Ericsson Has a Substantial and Direct Interest in Protecting Its Technology, and Defendants Have Tendered Indemnities to Ericsson**

Defendants are Ericsson's customers and each has demanded indemnification based on the nature of XR's infringement allegations directed to Ericsson's 5G base stations, as described above.  In light of XR's infringement allegations, there can be no serious dispute that Ericsson may be injured under the circumstances of this case, if it is not permitted to intervene in this suit to defend allegations of infringement with respect to Ericsson base stations.

**C.     This Case Is in Its Early Stages**

Defendants' answers were due in mid-December, and this motion comes on the heels of those filings. The Court has not entered a Docket Control Order or set any hearing dates.  In short, these cases are at an early stage and XR will experience no prejudice or delay from intervention at

this early stage, as shown by XR's non-opposition to this motion.

## II.     ARGUMENT AND CITATIONS TO AUTHORITY

Federal Rule of Civil Procedure 24(a)(2) provides for intervention by right where a party claims an interest relating to the property or transaction at issue in a case and where the intervenor is so situated that disposing of the action without it may as a practical matter impair the intervenor's ability to protect that interest. Meanwhile, under Rule 24(b)(2), the Court may allow a party to intervene when the intervenor has a claim or defense that shares a common question of law or fact with the main action. As explained below, Ericsson's motion to intervene should be granted under either standard.

The issue of intervention is not unique to patent law, and therefore, the law of the regional circuit applies. *Stauffer v. Brooks Bros., Inc.*, 619 F.3d 1321, 1328 (Fed. Cir. 2010) (reviewing a district court's Rule 24 intervention decision under regional circuit law). Under Fifth Circuit law, intervention is permitted where "no one would be hurt, and the greater justice could be attained." *Texas v. United States*, 805 F.3d 653, 657 (5th Cir. 2015) (quoting *Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994)). "Although the movant bears the burden of establishing its right to intervene, Rule 24 is to be liberally construed." *Id.* at 656 (quoting *Brumfield v. Dodd*, 749 F.3d 339, 341 (5th Cir. 2014)).

Ericsson is entitled to intervene to defend against XR's allegations of infringement with respect to Ericsson's base stations as a matter of right and, therefore, respectfully requests that the Court grant the present motion under Rule 24(a)(2), or in the alternative, permissively pursuant to Fed. R. Civ. P. 24(b)(1)(B).

### A.     Ericsson is Entitled to Intervene as a Matter of Right Pursuant to Rule 24(a)(2)

Under Rule 24(a)(2), a movant must be permitted to intervene as a matter of right whenever

four conditions are met:

    (1) the application for intervention is timely;

    (2) the applicant has an interest relating to the property or transaction which is the subject of the action;

    (3) the applicant is so situated that the disposition of the action may, as a practical matter, impair or impede his ability to protect that interest; and,

    (4) the applicant's interest is inadequately represented by the existing parties to the suit.

Fed. R. Civ. P. 24(a)(2); *Texas*, 805 F.3d at 657. This inquiry is "a flexible one," which "must be measured by a practical rather than technical yardstick." *City of Houston v. Am. Traffic Sols., Inc.*, 668 F.3d 291, 293 (5th Cir. 2012) (quoting *Edwards v. City of Houston*, 78 F.3d 983, 999 (5th Cir. 1996) (en banc)). Ericsson meets the four requirements to intervene as of right under Rule 24(a).

    **1.   Ericsson's Motion to Intervene is Timely**

Timeliness is determined from all the facts and circumstances of a particular case, including the time from notice of the intervenor's interest to the filing of the motion to intervene, the extent of prejudice to existing parties from the timing of the motion, the extent of prejudice to the movant if leave to intervene were denied, and other special circumstances (if any exist and apply). *Edwards*, 78 F.3d at 1000.

Ericsson's motion is timely, and indeed comes just a few months after these cases were filed and still before a *Markman* hearing has been scheduled to be held. XR filed its Complaints less than two months ago. Ericsson's motions to intervene are therefore filed close in time to the commencement of these actions and to the time that Ericsson was on notice of its interests. *See Edwards*, 78 F.3d at 1000-01 (citing Fifth Circuit intervention cases finding that delays as long as five months or more are not unreasonable); *Ericsson Inc. v. D-Link Sys., Inc.*, No. 6:10-cv-473 (E.D. Tex. May 4, 2012), Dkt. No. 205 (granting Intel's partially opposed motion to intervene filed

five months after the scheduling conference took place and nearly one year into the case).

The timing of Ericsson's Motion likewise will not prejudice any existing parties.[1] Neither the Defendants nor Plaintiff XR oppose Ericsson's Motion. This non-opposition underscores the lack of prejudice to any party. Further, XR has no basis to claim prejudice because this proceeding is at an early stage and no significant event has taken place. *Edwards*, 78 F.3d at 1001 (considering the stage of the proceeding under the timeliness inquiry); *see also TiVo Inc. v. AT&T Inc.*, No. 2:09-cv-259, 2010 WL 10922068, at *4 (E.D. Tex. Mar. 31, 2010) (finding no showing of "untimeliness" under Rule 24); *Wal-Mart Stores, Inc. v. Tex. Alcoholic Bev. Comm'n*, 834 F.3d 562, 565 (5th Cir. 2016) ("Because the Association sought intervention before discovery progressed and because it did not seek to delay or reconsider phases of the litigation that had already concluded, the Association's motion was timely"). Consistent with this precedent, this Court recently granted Ericsson's motion to intervene in a case in which Ericsson similarly sought intervention approximately four months after the case was filed. *Cobblestone Wireless, LLC v. T-Mobile USA, Inc.*, 2:22-cv-00477 (E.D. Tex), at Doc. No. 70 (Complaint filed Dec. 16, 2022; motion to intervene filed April 11, 2023).

Given that claim construction or trial has not been scheduled, the timing of this motion is not prejudicial to any party. The first factor thus weighs heavily in favor of allowing Ericsson's intervention to defend allegations of infringement with respect to Ericsson base stations.

### 2. Ericsson Has a Significant Interest in this Lawsuit

A party is entitled to intervene in an action when it has "a direct, substantial, legally

---

[1] The relevant prejudice in this inquiry is ***only*** prejudice from the timing of the motion; "prejudice" from intervention itself is irrelevant to the timeliness of a motion to intervene. *Edwards*, 78 F.3d at 1002 ("This factor is concerned only with the prejudice caused by the applicants' delay, not that prejudice which may result if intervention is allowed.").

protectable interest in the proceedings." *Texas*, 805 F.3d at 657 (internal quotations omitted); *see also Glickman*, 256 F.3d at 376 (quoting cases). Ericsson has such an interest in this action because Ericsson manufactures, develops, and/or distributes to the Defendants the very network equipment that XR alleges infringes the asserted patents. As the developer, manufacturer and distributor of accused technology, Ericsson has an interest in defending its technology and in clarifying the intellectual property rights that apply to such technology. *See, e.g., Team Worldwide Corp. v. Wal-Mart Stores, Inc.,* No. 2:17-cv-00235-JRG, 2017 WL 6059303, at *4 (E.D. Tex. Dec. 7, 2017) (finding an intervening manufacturer had an interest in "the ongoing sale and distribution of their products [which] is put at risk by [the Plaintiff's] allegations of infringement."); see *Intellectual Ventures I LLC v. AT&T Mobility LLC*, No. 12-193-LPS, 2014 WL 4445953, at *2 (D. Del. Sept. 8, 2014) (Stark, J.) ("[In a patent infringement suit,] intervention is necessary to enable Intervenors to protect their interest in products which Intervenors manufacture for Defendants, an interest put at risk by the litigation as Plaintiffs accuse these products of infringement."). Overall, Ericsson's interest in the issues to be litigated in this case—such as claim interpretation, validity, infringement, damages—is direct, substantial, and legally protectable.

Ericsson has an additional, direct, substantial, and legally-protectable interest defending any allegations in this case for which Defendants have demanded indemnification. *First Gibraltar Bank v. Bradley*, No. 95-20500, 1996 WL 556852, at *4 (5th Cir. Sept. 10, 1996) (unpublished) ("Given the agency's obligation to indemnify … , [the agency] had a concrete financial interest in the litigation that would justify its status as [an intervenor.]"); *Team Worldwide Corp*, 2017 WL 6059303, at *4 (finding sufficient interest where "each [intervenor] has acknowledged a contractual obligation to defend and indemnify" the defendant). Given that Ericsson is facing an indemnity demand from each of the Defendants, Ericsson also has a strong interest in ensuring that

the claims in this action with respect to its base stations are fully and vigorously defended.

### 3. Ericsson's Ability to Protect Its Interests Will Be Impaired if It Cannot Intervene

Ericsson will be prejudiced if its intervention is denied. An adverse ruling of infringement could affect Ericsson and its relationship with its customers due to the demanded indemnity. *See Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1464 (Fed. Cir. 1990) ("[I]t is a simple fact of life that a manufacturer must protect its customers, either as a matter of contract, or good business, or in order to avoid the damaging impact of an adverse ruling against its products.") (quoting *Codex Corp. v. Milgo Electronic Corp.*, 553 F.2d 735, 737-38 USPQ 49 (1st Cir. 1977). Further, an adverse ruling could potentially affect Ericsson's reputation, its relationship with its other customers and its customer base. *See Team Worldwide*, 2017 WL 6059303, at *5 ("[A]dverse rulings could impact each proposed intervenor's relationships with other retail customers."). Ericsson must be allowed to eliminate the cloud of uncertainty that XR has cast over Ericsson's base station equipment, software and technology.

Moreover, an adverse decision could create precedent that could be used in other circumstances or proceedings against Ericsson or its other customers. This potential "stare decisis effect of an adverse judgment constitutes a sufficient impairment to compel intervention." *Heaton v. Monogram Credit Card Bank of Ga.*, 297 F.3d 416, 424 (5th Cir. 2002) (quoting *Sierra Club v. Glickman*, 82 F.3d 106, 109-10 (5th Cir. 1996)).

### 4. Defendants Cannot Adequately Represent Ericsson's Interests in Defending Against XR's Infringement Allegations

In the Fifth Circuit, a movant satisfies the requirement of showing inadequate representation if it demonstrates that the defense of the case by the existing parties may be inadequate to protect its interests. *Texas*, 805 F.3d at 661. The burden to satisfy this requirement has been described as "minimal," but not so minimal as to eliminate it. *Id.*

Although Defendants also seek to defeat XR's infringement allegations, Ericsson has interests to defend the infringement allegations against its 5G base stations above and beyond those that it shares with Defendants. *See Heaton,* 297 F.3d at 422, 425 (reversing a district court's denial of a motion to intervene and noting the intervenor had met its burden because "the [intervenor's] interests and [the defendant's interests] may diverge in the future, even though, at this moment they appear to share common ground"). For example, Defendants may be satisfied with indemnity rather than a finding of non-infringement. *Sw. Bell Tel., L.P. v. Arthur Collins, Inc.*, No. 3:04-cv-00669, 2005 WL 8158383, at *2 (N.D. Tex. Jan. 28, 2005) (finding under the inadequate representation inquiry that manufacturer of cell phone equipment should be allowed to intervene because "[the original defendant], as a customer, may be satisfied with indemnity rather than a finding of noninfringement"). As a result, Ericsson is most motivated to defend its interests from XR's claims with respect to Ericsson's 5G base stations.

Ericsson also possesses a broad and deep understanding of its equipment and technology. Accordingly, it is the most important source of information about its equipment and is likely the keeper of potentially key, relevant documents. It would be unfair to force Defendants to litigate the issues that Ericsson best understands. *Id.* (finding under the inadequate representation inquiry that "the customer would not be the best source for providing the detailed information about the [intervenor-manufacturer's] products"). Intervention promotes both fairness and judicial economy. As a result, Ericsson is best suited, and most motivated, to defend its interests from XR's claims with respect to Ericsson base stations.

Because Ericsson satisfies the Fifth Circuit's four-part test for interventions of right under Rule 24(a), the Court should grant Ericsson's Motion as a matter of right.

**B.     In the Alternative, Ericsson Should Be Permitted to Intervene Permissively**

Ericsson alternatively requests that the Court allow Ericsson to intervene permissively,

10

under Federal Rule of Civil Procedure 24(b), which permits a party to intervene if it "has a claim or defense that shares with the main action a common question of law or fact" and no undue delay or prejudice will result. Fed. R. Civ. P. 24(b)(1)(B); *TiVo Inc.*, 2010 WL 10922068, at *4. Permissive intervention presents a lower bar than intervention as a matter of right, and does not require that the intervenor even "have a direct personal or pecuniary interest in the subject of the litigation." *Newby v. Enron Corp.*, 443 F.3d 416, 423 (5th Cir. 2006) (quoting *SEC v. U.S. Realty & Improvement Co.*, 310 U.S. 434, 459 (1940)).

For the same reasons noted above, permissive intervention for Ericsson to defend allegations of infringement with respect to Ericsson base stations is appropriate in this case. First, given that XR's Complaint make it clear that its allegations are directed at 5G cellular base stations, including those supplied by Ericsson to Defendants, Ericsson's defenses will involve common questions of law and fact. *TiVo Inc.*, 2010 WL 10922068, at *4. As noted, the issues to be litigated in these cases—such as claim interpretation, validity, infringement, and damages—are common questions as to all parties. *See U.S. Ethernet Innovations*, LLC *v. Acer, Inc.*, No. 6:09-cv-448-JDL, 2010 WL 11488729, at *2 (E.D. Tex. May 10, 2010) (granting permissive intervention where intervenor shared common questions of law and fact and similar defenses as named defendant). Thus, the threshold requirement of Rule 24(b) is met.

Second, at this early stage in the litigation, there will be no prejudice to any party if Ericsson is permitted to intervene to defend allegations of infringement with respect to Ericsson base stations. No party opposes these motions, which underscores a lack of prejudice. Further, Ericsson does not expect any delay to result from its intervention to defend allegations of infringement with respect to Ericsson base stations. Accordingly, there will be no undue delay or prejudice.

Finally, permissive intervention is "wholly discretionary," and in the present case, judicial economy weighs in favor of intervention. *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 471 (5th Cir. 1984). Ericsson likely possesses the relevant evidence about certain of the accused equipment and technology it supplies to Defendants, including equipment specifications and testimony. Ericsson likely possesses the technical know-how. Further, intervention will allow Ericsson and XR to resolve the disputes in the context of the pending proceedings. Thus, intervention will streamline and simplify the litigation by facilitating discovery and promoting accurate presentation of the evidence. It would be inefficient to force Defendants to litigate the issues that Ericsson best understands.

Thus, to the extent intervention is not permitted under Fed. R. Civ. P. 24(a), Ericsson respectfully requests the Court's permission to intervene under Rule 24(b).

## **CONCLUSION**

For the foregoing reasons, Ericsson respectfully requests that the Court permit Ericsson to intervene to defend allegations of infringement with respect to Ericsson base stations as a matter of right pursuant to Fed. R. Civ. P. 24(a)(2), or in the alternative, permissively pursuant to Fed. R. Civ. P. 24(b)(1)(B).

Dated: December 12, 2023

Respectfully submitted,

*/s/ Matthew S. Yungwirth*
Matthew S. Yungwirth
msyungwirth@duanemorris.com
John R. Gibson
jrgibson@duanemorris.com
Alice E. Snedeker
aesnedeker@duanemorris.com
**DUANE MORRIS LLP**
1075 Peachtree Street NE
Suite 1700
Atlanta, Georgia 30309

T: (404)-253-6900

Deron R. Dacus (TX SBN 00790553)
ddacus@dacusfirm.com
**THE DACUS FIRM, P.C.**
821 ESE Loop 323, Suite 430
Tyler, Texas 75701
Telephone:  903.705.1117
Email: ddacus@dacusfirm.com

*Counsel for Movant Ericsson Inc.*

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on December 12, 2023, a true and correct copy of the foregoing was filed with the Court's CM/ECF service, which will provide an electronic notification of the service of such pleading to all counsel of record.

*/s/ Matthew S. Yungwirth*
Matthew S. Yungwirth

## CERTIFICATE OF CONFERENCE

Pursuant to LR CV-7(h), the undersigned hereby certifies compliance with the meet and confer requirements in LR CV-7(h), and confirms that the motion is unopposed.

*/s/ Matthew S. Yungwirth*
Matthew S. Yungwirth
